IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DENNIS JAMES BROWN,                    )
                                       )
      Plaintiff,                       )
                                       )
v.                                     )     Civil Action No. 3:15CV747–HEH
                                       )
LT. A. BANKS, *et al.*,                )
                                       )
      Defendants.                      )

## MEMORANDUM OPINION
### (Granting Motion for Summary Judgment)

Dennis James Brown, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1]  Brown's claims flow from the alleged unconstitutional treatment Brown received from Lt. A. Banks and Dr. Inder Gujral in the aftermath of Brown's hernia surgery.   Specifically, Brown contends that:

Claim 1      (a) Defendant Banks violated Brown's rights under the Eighth Amendment when, on February 10, 2015, he ordered Brown to move some heavy boxes and refused to allow anyone to assist Brown in moving the boxes. (Compl. 6–7, ECF No. 1.)[2]
            (b) Defendant Banks violated Brown's rights under the Eighth Amendment when he falsely charged Brown with disobeying a

---

[1] That statute provides, in pertinent part:

      Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] The Court employs the pagination assigned to Brown's submissions by the CM/ECF docketing system.

direct order and had Brown locked in segregation for thirty-six (36) days. (*Id.* at 6.)

Claim 2      Defendant Gujral failed to provide Brown with adequate medical care following Brown's injury on February 10, 2015. (*Id.* at 4.)

Defendant Banks has moved for summary judgment on the ground that Brown has failed to exhaust his administrative remedies. (ECF No. 20.) Brown has responded. For the reasons that follow, the Motion for Summary Judgment will be granted.[3]

## I. STANDARD FOR SUMMARY JUDGMENT

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

---

[3] The Court will address the claims pertaining to Defendant Gujral in a separate Memorandum Opinion and Order. That separate Memorandum Opinion and Order will also dispense with Brown's inchoate state law claims.

Defendant Banks asks the Court to dismiss Claim 1(b) because it lacks merit and to dismiss Claim 1(a) because Brown failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). As exhaustion of administrative remedies is an affirmative defense, Defendant Banks bears the burden of pleading and proving lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

In support of his Motion for Summary Judgment, Defendant Banks submits: (1) an affidavit from A. James, the Institutional Grievance Coordinator (Mem. Supp. Mot. Summ. J. Ex. 1 ("James Aff."), ECF No. 21–1); (2) a copy of Virginia Department of Corrections ("VDOC") Operating Procedure § 866.1 (*id.* Encl. A. ("Operating Procedure § 866.1")); and, (3) copies of grievances material submitted by Brown (*id.* Encls. B–E). Brown responded to the Motion for Summary Judgment by filing his own affidavit ("Brown Affidavit," ECF No. 29). Although there are a host of other documents in the record, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)). In light of the foregoing submissions, the following facts are established for the Motion for Summary Judgment. The Court draws all permissible inferences in favor of Brown.

## II. UNDISPUTED FACTS

### A. Brown's Conviction of an Institutional Infraction

On or about January 10, 2015, Brown underwent hernia surgery. (Brown Aff. ¶ 3.) Brown's surgeon ordered Brown not to lift anything heavy for at least six weeks

3

(*Id.* (citation omitted).) On February 10, 2015, after Brown had returned to prison, Defendant Banks ordered Brown to pack up his personal possessions in some boxes and prepare to move to a different housing unit. (*Id.* ¶ 4.) After packing the boxes, Brown informed Banks that he was under medical orders not to move anything heavy and Brown asked for assistance in moving the boxes. (*Id.*) Defendant Banks refused to provide assistance and told Brown that he must move the boxes himself. (*Id.*) Brown repeated that he was under a medical restriction not to lift heavy items. (*Id.*) Defendant Banks then left Brown in his cell. (*Id.*)

Shortly thereafter, a sergeant appeared at Brown's cell and informed Brown that Defendant Banks had ordered Brown assigned to administrative segregation for refusing to lift the boxes. (*Id.* ¶ 5.) Brown then moved his boxes. (*Id.*) In the process of moving his boxes, Brown felt a "snapping and pulling" in his groin area, near where the surgery had occurred. (*Id.* ¶ 6.)

On February 10, 2015, Brown received a disciplinary charge filed by Defendant Banks. (*Id.* ¶ 6.) Defendant Banks charged Banks with refusing to move to another cell. (*Id.*) On or about February 18, 2015, Brown was found guilty of the above charge and sentenced to serve eleven (11) days in isolation. (*Id.* ¶ 7.) The Warden of Sussex II State Prison, however, overturned the finding of guilty and had the matter expunged from Brown's record. (*Id.* ¶ 8.)

## B. Grievance Procedure

The Virginia Department of Corrections ("VDOC") "Offender Grievance Procedure[] is a mechanism for offenders to resolve complaints, appeal administrative

4

decisions and challenge the substance of procedures." (James Aff. ¶ 4.) "All issues are

grievable except those pertaining to policies, procedures and decisions of the Virginia

Parole Board, disciplinary hearings, state and federal court decisions, laws and

regulations, and matters beyond the control of the [VDOC]." (*Id.* ¶ 5.)

Operating Procedure § 866.1 requires that, before submitting a formal grievance,

the inmate must demonstrate that he or she has made a good faith effort to resolve the

grievance informally through the procedures available at the institution to secure

institutional services or resolve complaints. (Operating Procedure § 866.1.V.B.)

Generally, a good faith effort requires the inmate to submit an informal complaint form.

(*Id.* § 866.1.V.B.1.) If the informal resolution effort fails, the inmate must initiate a

regular grievance by filling out the standard "Regular Grievance" form.

(*Id.* § 866.1.VI.A.2.)

"The original Regular Grievance (no photocopies or carbon copies) should be

submitted by the offender through the facility mail system to the Facility Unit Head's

Office for processing by the Institutional Ombudsman/Grievance Coordinator."

(*Id.* § 866.1.VI.A.2.b.) The offender must attach to the regular grievance a copy of the

informal complaint. (*Id.* § 866.1.VI.A.2.a.) Additionally, "[i]f 15 calendar days have

expired from the date the Informal Complaint was logged without the offender receiving

a response, the offender may submit a Grievance on the issue and attach the Informal

Complaint receipt as documentation of the attempt to resolve the issue informally." (*Id.*

§ 866.1.V.B.2 (emphasis added).) A formal grievance must be filed within thirty days

5

from the date of the incident or occurrence, or the discovery of the incident or

occurrence, except in instances beyond the offender's control. (*Id.* § 866.1.VI.A.1.)

### 1. Grievance Intake Procedure

Prior to review of the substance of a grievance, prison officials conduct an

"intake" review of the grievance to assure that it meets the published criteria for

acceptance. (*Id.* § 866.1.VI.B.) A grievance meeting the criteria for acceptance is logged

in on the day it is received, and a "Grievance Receipt" is issued to the inmate within two

days. (*Id.* § 866.1.VI.B.3.) If the grievance does not meet the criteria for acceptance,

prison officials complete the "Intake" section of the grievance and return the grievance to

the inmate within two working days. (*Id.* § 866.1.VI.B.4.) If the inmate desires a review

of the intake decision, he or she must send the grievance form to the Regional

Ombudsman within five calendar days of receipt. (*Id.* § 866.1.VI.B.5.)

### 2. Grievance Appeals

Up to three levels of review exist for a regular grievance. (*Id.* § 866.1.VI.C.) The

Facility Unit Head of the facility in which the offender is confined is responsible for

Level I review. (*Id.* § 866.1.VI.C.1.) If the offender is dissatisfied with the

determination at Level I, he or she may appeal the decision to Level II, a review of which

is conducted by the Regional Administrator, the Health Services Director, the

Superintendent for Education, or the Chief of Operations for Offender Management

Services. (*Id.* § 866.1.VI.C.2.) The Level II response informs the offender whether he or

she "qualifies for" an appeal to Level III. (*Id.* § 866.1.VI.C.2.g.)

6

### 3. Emergency Grievances Fail to Satisfy the Exhaustion Requirement

An offender may file an emergency grievance if he or she believes that there is a situation or condition which may subject him or her to immediate risk of serious personal injury or irreparable harm. (*Id.* § 866.1.VII.A.) "The filing of an emergency grievance does not satisfy the exhaustion requirement." (James Aff. ¶ 9.) As previously outlined, to satisfy the exhaustion requirement the offender must submit his or her complaint "by filing a regular grievance with the appropriate informal complaint, and appeal it through all available appeal levels." (*Id.*)

### C. Brown's Limited Efforts to Utilize the Grievance Procedures

### 1. Submissions that Do Not Pertain to Defendant Banks's Conduct

On February 11, 2015, Brown submitted an emergency grievance wherein he complained that he had injured his hernia and was experiencing pain. (James Aff. Encl. B, at 20.)[4] Prison staff informed Brown his complaint did not amount to a medical emergency and to report for sick call. (*Id.*)

In the following months, Brown submitted a number of Offender Requests and Informal Complaints wherein he raised concerns about continued discomfort from his hernia and the adequacy of his medical care. (James Aff. Encl. C, at 24–37.) These submissions, however, fail to indicate that Defendant Banks was the cause of Brown's injury.

On August 11, 2015, Brown submitted a regular grievance wherein he acknowledged that he was receiving pain medication, but expressed his desire to see a

---

[4] The Court employs the pagination assigned by CM/ECF for Brown's grievance material.

specialist. (James Aff. Encl. C, at 21.)  Prison staff returned the grievance to Brown, and instructed him to provide a date for incident or occurrence. (*Id.* at 22.)

### 2. Grievance Material Pertaining to Defendant Banks

On October 29, 2015, Brown finally executed a regular grievance ("October 2015 Grievance") wherein he complained that he was injured by Defendant Banks's indifference to his medical condition and Banks's demand that Brown move heavy boxes. (James Aff. Encl. D, at 38.)  Prison staff refused to process the grievance because it was submitted well past the thirty-day filing period. (*Id.* at 39.)

Brown also swears that on February 12, 2015, he delivered an Informal Complaint "to a security officer . . . complaining that Lt. Banks had caused me to suffer a physical injury by . . . instruct[ing] me to lift and carry my boxes . . . ." (Brown Aff. ¶ 10.) Brown asserts that he failed to receive a receipt for this Informal Complaint. (*Id.*)

Brown swears that it was the practice of prison officials at "Sussex II State Prison not to process, receipt, answer and/or return to me meritorious Informal Complaints and Internal Complaints in a bad faith attempt to prevent me from being heard . . . ." (*Id.* ¶ 12.)

## III. ANALYSIS

### A. Lack of Exhaustion

The pertinent statute provides:  "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  This language "naturally requires a

8

prisoner to exhaust the grievance procedures offered, whether or not the possible responses cover the specific relief the prisoner demands." *Booth v. Churner*, 532 U.S. 731, 738 (2001). Generally, in order to satisfy the exhaustion requirement, an aggrieved party must file a grievance raising the claim and pursue the grievance through all available levels of appeal, prior to bringing his or her action to court. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The Supreme Court has instructed that section 1997e(a) "requires proper exhaustion." *Id.* at 93. The Supreme Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *id.* at 90, "so that the agency addresses the issues on the merits." *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). The applicable prison rules "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Exhaustion is mandatory, and courts lack discretion to waive the exhaustion requirement. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Brown's informal complaints and grievance pertaining to his general medical care are not relevant to the determination of whether Brown exhausted his administrative remedies for the distinct claim that Defendant Banks injured Brown when he demanded that Brown move heavy boxes. *See, e.g., Moore v. Bennette*, 517 F.3d 717, 729 (4th Cir. 2008) (concluding that grievances pertaining to medical care for inmate's pancreatic condition and Hepatitis C did not exhaust claims pertaining to inadequate medical care for gout); *White v. Levin*, No. 3:13CV23, 2014 WL 1056700, at *5 (E.D. Va. Mar. 17, 2014) (citation omitted). Additionally, Brown's October 2015 Grievance pertaining to Defendant Banks, which was rejected because it was submitted outside the thirty-day

9

filing period, failed to satisfy the exhaustion requirement. This untimely grievance failed

to provide prison officials the "fair opportunity" to examine the merits of his grievance.

*Woodford*, 548 U.S. at 95. The proper rejection of Brown's untimely October 2015

Grievance is not sufficient to exhaust his administrative remedies. *See Scott v. Kelly*,

No. 1:11CV25 (AJT/TCB), 2011 WL 6046400, at *2 (E.D. Va. Dec. 2, 2011) (citing

*Moore*, 517 F.3d at 725, 729).

Although "an administrative remedy is not considered to have been available if a

prisoner, through no fault of his own, was prevented from availing himself of it," Brown

fails to demonstrate that prison officials prevented him from pursuing a timely grievance

pertaining to his alleged mistreatment by Defendant Banks. *Moore*, 517 F.3d at 725

(citations omitted). Rather, the record indicates Brown simply did not pursue any such

grievance. *See Pinson v. Berkebile*, 528 F. App'x 822, 826 (10th Cir. 2013) (observing

that "an inmate 'may not successfully argue that he had exhausted his administrative

remedies by, in essence, failing to employ them'" (quoting *Jernigan v. Stuchell*, 304 F.3d

1030, 1033 (10th Cir. 2002))). Although Brown generally complains that prison officials

consistently failed to respond to his informal complaints and failed to issue him receipts,

the record demonstrates this is simply not true. (James Aff. Encl. C, at 26–32, 36; *id.*

Encl. D, at 40; *id.* Encl. E, at 47–48.) Brown's "[a]iry generalities [and] conclusory

assertions" that prison officials prevented him exhausting his administrative remedies are

insufficient "to stave off summary judgment," where he fails to direct the Court to any

timely, appropriate grievance he submitted regarding Defendant Banks's conduct.

*Robinson v. Johnson*, No. 3:07CV449, 2009 WL 874530, at *7 n.5 (E.D. Va. Mar. 26,

2009) (alterations in original) (quoting *United States v. Roane*, 378 F.3d 382, 400–01 (4th Cir. 2004)). Accordingly, Claim 1(a) will be dismissed for lack of exhaustion.

## B. Allegedly False Disciplinary Charge

In Claim 1(b), Brown contends that Defendant Banks violated his rights under the Eighth Amendment by falsely charging him with disobeying a direct order. To survive summary judgment on an Eighth Amendment claim, an inmate must demonstrate that "the prison official acted with a sufficiently culpable state of mind (subjective component) and [that] the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (quoting *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)). Under the objective prong, the inmate must demonstrate that the deprivation complained of was extreme and amounted to more than the "routine discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." *Strickler v. Waters*, 989 F.2d 1375, 1380 n .3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must [submit evidence of] 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381). Deliberate indifference requires the plaintiff to demonstrate that a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Brown has failed to submit any evidence that satisfies either the objective or subjective prongs of his Eighth Amendment claim. The mere fact that the institutional

charge caused Brown to briefly spend some time in segregation fails to demonstrate that

he was subjected to cruel and unusual punishment. *See In re Long Term Admin.*

*Segregation of Inmates Designated as Five Percenters*, 174 F.3d 464, 472 (4th Cir.

1999). Accordingly, Claim 1(b) will be dismissed.

Banks's Motion for Summary Judgment (ECF No. 20) will be granted.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Jan. 31 2017
Richmond, Virginia